UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS DAMOUR GUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>STANTON CORRECTIONAL FACILITY, et al.,<br><br>    Defendants. | No. 2:21-cv-0456 KJN P<br><br><br><br>ORDER |

Plaintiff is a former county prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the Stanton Correctional Facility, Solano County Sheriff Coroner's Office, Solano County Sheriff's Department and Sergeant Maulino. It appears that plaintiff was a pretrial detainee housed at the Stanton Correctional Facility during all relevant times.

Plaintiff alleges that he took medication prescribed to treat a sexually transmitted disease ("STD") from February 12, 2021, to February 18, 2021, and from February 22, 2021, to March 1, 2021. Plaintiff alleges that after finishing the prescriptions, he continued to experience symptoms from the STD.

Plaintiff alleges that he is suing defendant Stanton Correctional Facility because officials at the Stanton Correctional Facility stopped prescribing the STD medication despite plaintiff's continued symptoms. Plaintiff alleges that he is suing defendant Solano County Sheriff Coroner's Office for denying his grievance in which he stated that he continued to experience symptoms after his medication expired and requested to be taken to Planned Parenthood for treatment. The complaint contains no specific allegations against defendant Solano County Sheriff's Department.

Defendants Stanton Correctional Facility, Solano County Sheriff Coroner's Office and the Solano County Sheriff's Department are subdivisions of a local government entity, i.e., Solano County. A subsidiary of a public entity is not a proper defendant on a § 1983 claim. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not."); Nelson v. County of Sacramento, 926 F.Supp.2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) ("Under § 1983, 'persons' includes municipalities. It does not include municipal departments. Vance, 928 F.Supp. at 995–96. Because the Sheriff's Department is a subdivision of a local government entity (in this case the County), the Sheriff's Department is not a proper defendant for purposes of Plaintiff's § 1983 claims."); but see Cantu v. Kings County, 2021 WL 411111, at * 1 (E.D. Cal. Feb. 5. 2021) (recognizing split within district courts regarding whether naming a sheriff's department is redundant or duplicative of the municipal entity; but finding that weight of authority finds that claims against a municipality and its respective police departments are treated as claims against the municipality and not subject to suit under 1983).

Pursuant to the case law cited above, the undersigned finds that the proper defendant is Solano County. Accordingly, plaintiff's claims against defendants Stanton Correctional Facility, Solano County Sheriff Coroner's Office and the Solano County Sheriff's Department are

dismissed. If plaintiff files an amended complaint naming Solano County as a defendant, the legal standard for stating a claim against a municipal entity is set forth below.

In Monell v. New York City Department of Social Services, the Supreme Court held that liability under 42 U.S.C. § 1983 may be imposed on local governments when their official policies or customs cause their employees to violate an individual's constitutional rights. 436 U.S. 658, 690–91 (1978). A plaintiff may establish Monell liability by showing that a city employee committed an alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citation omitted). A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008) (citation omitted). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation omitted).

Plaintiff alleges that defendant Maulino denied plaintiff's grievance challenging the Facility's decision to stop giving plaintiff medication to treat his STD despite his continuing symptoms. Plaintiff alleges that defendant Maulino also denied his request to be taken to an outside clinic for treatment of the STD.

As a pretrial detainee during the relevant time period, plaintiff's claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The Ninth Circuit has held that "the proper standard of review" for claims of inadequate medical care for pretrial detainees is "objective indifference." Gordon v. Cty. of Orange, 888 F.3d 1118, 1120, 1124–25 (9th Cir. 2018) (extending the "objective deliberate indifference standard" articulated in Castro to inadequate medical care); see also Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019) (noting that Gordon "recognized that Castro's objective deliberate indifference standard extends to Fourteenth Amendment claims

by pretrial detainees for violations of the right to adequate medical care"). The defendants' conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the facts and circumstances of each particular case." Gordon, 888 F.3d at 1125 (quoting Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).) "'[M]ere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Gordon, 888 F.3d at 1125. Therefore, the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." Id.

Plaintiff alleges that defendant Maulino denied his grievance seeking further treatment for his STD despite plaintiff continuing to suffer symptoms of the STD after his prescription expired. The undersigned cannot determine whether plaintiff has stated a potentially colorable Fourteenth Amendment claim because plaintiff was given treatment, and he does not describe the symptoms he continued to suffer after his prescription expired. Accordingly, plaintiff's claims against defendant Maulino are dismissed with leave to amend. If plaintiff files an amended complaint, he shall describe the symptoms he continued to suffer after his prescription expired. Plaintiff shall also clarify whether his grievance addressed to defendant Maulino described these symptoms.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

5

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 13, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gunn456.14

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  FOR THE EASTERN DISTRICT OF CALIFORNIA
9
10   AUMINTRIUS DAMOUR GUNN,              No. 2: 21-cv-0456 KJN P
11              Plaintiff,
12         v.                              NOTICE OF AMENDMENT
13   STANTON CORRECTIONAL
     FACILITY, et al.,
14
                Defendant.
15
16       Plaintiff hereby submits the following document in compliance with the court's order
17   filed_____.
18            _____         Amended Complaint
     DATED:
19
20
                                         _____
21                                       Plaintiff
22
23
24
25
26
27
28
                                            7